[No. 16702. Deparment Two. December 29, 1921.]

PONTUS ANDERSON *et al., Appellants,* v. E. B. McGILL
*et al., Respondents.*[1]

APPEAL (418)—REVIEW—FINDINGS. Where a finding of the trial
court on conflicting testimony is supported by a preponderance of
the evidence, it will be sustained on appeal.

Appeal from a judgment of the superior court for
Snohomish county, Bell, J., entered March 12, 1921,
upon findings in favor of the defendants, in an action
in ejectment, tried to the court. Affirmed.

*D. W. Locke,* for appellants.

*G. D. Eveland,* for respondents.

MAIN, J.—The plaintiffs, claiming that the defend-
ants in the erection of a building had encroached upon
their land, brought this action to dispossess them. The
cause was tried to the court without a jury, and re-
sulted in findings of fact, conclusions of law and judg-
ment denying any relief, and the plaintiffs appeal.

The respondents are the owners of four lots in the
city of Everett, upon which, about April 1, 1919, they
commenced the erection of a three story brick garage,
and completed the same in the fall of the same year.
The appellants are the owners of two lots adjoining
those of respondents upon which the garage was
erected, and they claim that the north wall of the
garage encroaches upon their lots from four to ten
inches. The respondents claim that there is no en-
croachment and that the wall, including footing, is
located exclusively upon their own property.

The question in the case is solely one of fact, and is,
whether the respondents, in erecting the wall referred

[1] Reported in 202 Pac. 969.

to, encroached upon the property of the appellants. The evidence upon the question was conflicting. The witnesses for the appellant, including a civil engineer, testified that there was encroachment. The witnesses for the respondent, including a civil engineer, testified that there was no encroachment. The trial judge, after the conclusion of the testimony and before disposing of the case, in company with the attorneys for the respective parties, viewed the premises in order to better enable him to weigh and give effect to the testimony, and subsequently made the following finding:

"That some time prior to the commencement of this action, said defendants erected upon the lots owned by them, as hereinbefore stated, a three story brick garage with a concrete foundation, the concrete foundation running along the boundary line between the respective lots of said plaintiffs and said defendants, extending beneath the surface of the ground at least 12 feet in the rear, and at least 6 feet in the front, and said building covering practically the entire lots. That said building so erected by said defendants and the foundation thereof are located exclusively on the lots so owned by said defendants, and no part of the same are located upon the lots so owned by said plaintiffs, and that said defendants do not occupy any part of said plaintiffs' property. That it appears that, in the constructing the foundation so running along said boundary line, some of the thin mixture of concrete escaped under the form at the base of said foundation, and for a few feet toward the front end thereof, ran over the boundary line a few inches on the lots so owned by said plaintiffs, but that the same is no part of the foundation and constitutes no part of the permanent structure of said building or foundation, and can easily be removed with a pick in the event that said plaintiffs should need to remove the same in the subsequent use of the lots so owned by them."

After giving attentive consideration to all the evidence in the case, we are of the opinion that the trial

court's findings are sustained by the preponderance of the evidence. A further discussion of the question would serve no useful purpose because, as above indicated, it is solely one of fact.

The judgment will be affirmed.

PARKER, C. J., HOLCOMB, MACKINTOSH, and HOVEY, JJ., concur.